STATE OF NORTH CAROLINA v. LONNIE BRYANT

No. 7311SC696

(Filed 24 October 1973)

**Assault and Battery §§ 11, 16— assault with firearm with intent to kill —
indictment — submission of other types of felonious assault**

An indictment for assault with a firearm with intent to kill under
G.S. 14-32(c) will not support a verdict of guilty of assault with a
deadly weapon with intent to kill inflicting serious injury under G.S.
14-32(a) or a verdict of guilty of assault with a deadly weapon inflict-
ing serious injury under G.S. 14-32(b).

APPEAL by defendant from *Canaday, Judge,* 7 May 1973 Ses-
sion of Superior Court held in JOHNSTON County.

Defendant was arraigned on separate bills of indictment
charging that he did:

1. Murder Molton Ray Rawlings (73CR3034).

2. Assault James Rawlings with a deadly weapon with in-
   tent to kill inflicting serious injuries (73CR3033).

3. Assault Sam Currie with a firearm with intent to kill
   ( 73CR3039).

The offenses occurred around 5:00 a.m. on the morning of
17 March 1973 at a place called Bradley's Amusement Center in
Princeton after an argument about a poker game.

The cases were consolidated for trial without objection from
defendant. In the murder case the solicitor announced that he
would seek a verdict of guilty of murder in the second degree
or manslaughter. The State and defendant offered evidence. De-
fendant did not deny the shootings but contended that he acted
in self-defense.

The verdicts and judgments were as follows:

1. (73CR3034) Guilty of voluntary manslaughter of Molton
   Ray Rawlings: Imprisonment for 15-20 years.

2. (73CR3033) Guilty of assault with a deadly weapon in-
   flicting serious injury on James Rawlings: Imprisonment
   for 3-5 years to follow the term imposed in 73CR3034.

3. (73CR3039) Guilty of assault with a deadly weapon in-
   flicting serious injury on Sam Currie: Imprisonment for
   3-5 years to follow the term imposed in 73CR3033.

Defendant gave notice of appeal in each case. His trial counsel was appointed to represent him on appeal.

*Attorney General Robert Morgan by Miss Ann Reed, Associate Attorney for the State.*

*Wallace Ashley, Jr., for defendant appellant.*

VAUGHN, Judge.

No assignments of error are brought forward in connection with cases 73CR3034 and 73CR3033. We have examined the record in these cases and find no prejudicial error.

All of the assignments of error as to 73CR3039, the case involving the assault on Currie, relate to the fact that, under instructions of the Court, the jury was allowed to consider verdicts of assault with a deadly weapon with intent to kill resulting in serious injury, the felony punishable under G.S. 14-32(a), and assault with a deadly weapon inflicting serious injury, the felony punishable under G.S. 14-32(b), when, in fact, he was indicted for assault with a firearm with intent to kill, the felony punishable under G.S. 14-32(c).

Defendant's exception is well-taken. The indictment for assault with a firearm with intent to kill (G.S. 14-32(c)) would not support a verdict of guilty of assault with a deadly weapon with intent to kill *inflicting serious injury* (G.S. 14-32(a)) and does not support the verdict of guilty of assault with a deadly weapon *inflicting serious injury* (G.S. 14-32(b)).

It is apparent from reading the charge that the judge was under the mistaken impression that defendant was charged with identical offenses under G.S. 14-32(a) on Rawlings and Currie. As to Currie, however, defendant was only charged with assault with a firearm with intent to kill. (G.S. 14-32(c)).

In 73CR3034—No error.

In 73CR3033—No error.

In 73CR3039—New trial.

Judges BRITT and PARKER concur.